IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## ANTHONY L. HARRIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 89-S-1189     Steve Dozier, Judge**

---

**No. M2004-00539-CCA-R3-PC - Filed March 29, 2005**

---

The petitioner, Anthony L. Harris, was found guilty by a jury of armed robbery by use of a deadly weapon and aggravated kidnapping. The petitioner received a total effective sentence of ninety years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed a petition for relief under the Post-Conviction DNA Analysis Act of 2001. The post-conviction court dismissed the petition, and the petitioner appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Anthony Harris, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The facts in the case before us are sparse. From the state of the record, it appears that the petitioner was convicted on March 1, 1990, of armed robbery by use of a deadly weapon and aggravated kidnapping. The trial court sentenced the petitioner to a sentence of sixty years for the armed robbery conviction and thirty years for the aggravated kidnapping conviction. The sentences were to be served consecutively for a total effective sentence of ninety years. The petitioner appealed to this court, and his convictions were affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. See Anthony Leroy Harris v. State, No. 01C01-9102-CR-00028, 1991 WL 181417, at *1 (Tenn. Crim. App. at Nashville, Sept. 16, 1991).

Subsequently, the petitioner filed a petition for relief under the Post-Conviction DNA Analysis Act of 2001. In the petition, the petitioner asserted that part of the State's evidence at trial was that the petitioner wore a shower cap during the commission of the offenses. The petitioner maintained that he never wore a shower cap nor had a shower cap been taken from him by police. The petitioner argued that the hair and body fluids on the shower cap "would reveal through DNA testing that the true owner of the cap is not the petitioner, and further show that petitioner is actually innocent."

The post-conviction court filed an order dismissing the petition. The post-conviction court found that "the petitioner was not convicted of an offense[] that requires the Court to entertain his motion." The petitioner now appeals this dismissal.

## II. Analysis

Initially, the State claims that the petitioner's instant appeal should be dismissed for failure to timely file a notice of appeal. Rule 3(b) of the Tennessee Rules of Appellate Procedure provides that a criminal defendant may appeal to this court following "a final judgment in a . . . post-conviction proceeding." Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." The Advisory Commission Comments to Rule 4 maintain that "[t]hirty days is sufficient time particularly in light of the fact that a party is required to do nothing to initiate the appellate process except file and serve notice of appeal."

The order denying petitioner's claim was filed on January 30, 2004. The petitioner's notice of appeal was filed on February 20, 2004, within the thirty-day time limit. Accordingly, the petitioner timely filed his appeal. And, we will address the petitioner's issue on its merits.

The Post-Conviction DNA Analysis Act of 2001 provides that

> a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303 (2003). Prior to ordering DNA analysis of biological evidence, the

post-conviction court must find the presence of all of the following criteria:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304 (2003).

This court has noted, "If the state contests the presence of any qualifying criteria and it is apparent that each prerequisite cannot be established, the [post-conviction] court has the authority to dismiss the petition." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. at Nashville, Apr. 24, 2003), perm. to appeal denied, (Tenn. 2003). In sum, "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." Id.

In the instant case, the post-conviction court determined that the petitioner was not convicted of an offense that required the court to entertain his motion. The post-conviction court is correct; armed robbery and aggravated kidnapping are crimes for which ordering DNA testing is discretionary. See Danny R. King v. State, No. M2002-02704-CCA-R3-PC, 2003 WL 21710506, at *3 (Tenn. Crim. App. at Nashville, July 24, 2003), perm. to appeal denied, (Tenn. 2003). Moreover, we note that from the limited record, it appears that the petitioner was wearing or otherwise possessed the shower cap in question at the time of his apprehension. A witness or witnesses saw the petitioner, wearing the shower cap, during the commission of the crime. It is unclear how DNA testing could exculpate the petitioner of the crimes of which he was convicted. The petitioner has failed to meet any of the qualifying criteria for the granting of DNA testing. Accordingly, we conclude that the post-conviction court did not err in denying the petitioner's request for testing under the Post-Conviction DNA Analysis Act of 2001. See Clinton Wayne Lynch v. State, No. M2002-02801-CCA-R3-PC, 2003 WL 21349919, at *1 (Tenn. Crim. App. at Nashville, June 10, 2003).

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.


_____
NORMA McGEE OGLE, JUDGE